# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DREYAN RASHAD ANDERSON,<br><br>Defendant. | Case No. 15-MJ-154<br><br>ORDER FOR PRETRIAL DETENTION |

On the 2nd day of June, 2015, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings. The Government was represented by Special Assistant United States Attorney Erin R. Eldridge. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On May 22, 2015, Defendant Dreyan Rashad Anderson was charged by Criminal Complaint (docket number 2) with possession of a firearm and ammunition by an unlawful user of a controlled substance. At the time of hearing, Sergeant Matt McGeough of the Waterloo Police Department testified regarding the circumstances underlying the instant charge. On April 7, 2015, officers were investigating three shootings that occurred in Waterloo that morning. Information obtained by investigators linked three persons, who may have been driving a blue Kia Optima, to one of the shootings. One of the suspects, Dequavious Davis, was on probation or parole and living at a halfway house. Officers were advised, however, that he was on furlough that day for job seeking. Surveillance was set up at the halfway house and officers observed Davis being dropped off at that location.

Officers then conducted a traffic stop on the vehicle due to two broken tail lights. Officers found two females sitting in the front seat, with defendant sitting in the back seat

behind the driver. Defendant initially ignored the officers' instructions to exit the vehicle. One of the officers reached in through the front window and unlocked the back door. Defendant then got out of the vehicle, but started to walk past the officers. He was apprehended and a loaded .32 caliber handgun was found in his waistband. During a subsequent post-*Miranda* interview, Defendant admitted purchasing the gun for $130 from some unknown person. Defendant also admitted using marijuana regularly, and told investigators that he used it that morning. The urine sample provided by Defendant tested positive for marijuana. Defendant's fingerprint was subsequently found on the cylinder of the revolver.

Defendant, age 19, was born in Waterloo and has lived there all of his life. He does not have contact with his father, but his mother and sister reside in Waterloo. He has a brother who is in prison. Prior to his arrest, Defendant was living with his sister, and his sister said that he would be welcome to reside with her. The Court was advised by the pretrial services officer, however, that Defendant's sister has a prior criminal record, including a weapons conviction and assault causing injury.

Defendant has never been married and has no children. The pretrial services report does not reference a girlfriend, but it was proffered at the hearing that he is expecting to be a father in August. Defendant's work record consists of two days of employment earlier this month. He is in good health and has no history of mental or emotional health concerns.

Defendant admits smoking marijuana a couple of times per month since age 14, and last used the substance one week prior to his arrest on the instant federal charge. Defendant also says he consumes a "bottle of liquor" on weekends.

Defendant's prior criminal record includes delinquency adjudications for disorderly conduct (three times), interference with official acts (twice), harassment of a public officer, theft in the second degree, theft in the fourth degree, and public intoxication. Defendant

2

also had five curfew violations. As an adult, Defendant has been convicted twice of public intoxication, interference with official acts, and disorderly conduct.

Defendant is a known gang member. A search warrant was executed at a house in Waterloo on February 12, 2015, which Defendant frequented. A stolen .45 caliber handgun was found at the residence. Defendant's fingerprint was found on the gun. Ballistics matched the gun to three prior shootings in Waterloo. After Defendant and his sister moved on April 13, 2015 (one week after the events giving rise to this charge), the landlord found a stolen shotgun in the garage. Defendant and others were also found during an August 2014 traffic stop, where a .9 mm handgun was seized.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f).

3

The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm and ammunition by an unlawful user of a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

The weight of the evidence against Defendant is strong. Defendant was found with a firearm on his person, and Defendant subsequently admitted that the firearm belonged to him. Defendant also admitted being a user of marijuana, and admitted that he had used earlier that day. A urinalysis confirmed Defendant's statements.

While Defendant has ties to the Waterloo community, he has no contact with his father and the Court finds that his sister's residence is not an appropriate placement. Defendant's mother is willing to have him come live with her, but I have no confidence that she can influence Defendant's behaviors. Defendant does not have any employment and drinks to excess on weekends. He also actively uses marijuana. Defendant has a history of violations under supervision. Defendant is a gang member. He was non-compliant with officers at the scene on April 7. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 2nd day of June, 2015.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA